UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

           Plaintiff,

      - against -

PRESTON LESCHINS, HSBS MORTGAGE
CORPORATION (USA) F/K/A MARINE
MIDLAND MORTGAGE CORP., AND JOHN
DOES NOS. 1-10,

           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

07 Civ. 3384 (WHP)

ECF Case

## JOINT PRETRIAL ORDER

I.    The full caption of the action is stated above.

II.    Contact information for trial counsel:

Lawrence H. Fogelman
Assistant United States Attorney
United States Attorney's Office
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel: (212) 637-2719
Fax: (212) 637-2730
Attorney for Plaintiff

Lee J. Mendelson, Esq.
Moritt Hock Hamroff & Horowitz LLP
400 Garden City Plaza
Garden City, N.Y. 11530
Attorney for Preston Leschins
Tel: 516-873-2000
Fax: 516-873-2010

Robert C. Sambursky, Esq.
Stein & Sheidlower, L.L.P.
One Old Country Road, Suite 113
Carle Place, N.Y. 11514
Tel: 516-742-1212 x356
Fax: 516-742-6595
Attorney for HSBC

**III.** **A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.**

Plaintiff's Statement

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402(a) and 7403(a).

Defendant Leschins' Statement

Defendant Preston Leschins ("Leschins") consents to the subject matter jurisdiction of the Court.

Statement by HSBC

Defendant HSBC Mortgage Corporation (USA) ("HSBC") consents to the subject matter jurisdiction of the Court.

**IV.** **A brief summary by each party of claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statute relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried.**

Plaintiff's Claims

Preston Leschins is indebted to the United States for unpaid federal income taxes for the periods 1992, 1993, 1994, 1995, 1997, 1998, 1999, 2000, 2002, 2003, 2004 and 2005, in the total amount, including interest computed to March 15, 2007, of $905,750.49, and any interest, penalties,

and statutory additions that have or will hereinafter accrue (the "Liability"). Notices of Federal Tax Lien were filed in New York County.

Despite notice and due demand by the IRS, Preston Leschins has neglected or refused to pay the full amount of the assessed liabilities. By reason of the foregoing, and pursuant to 26 U.S.C. §§ 6321-23, a lien in favor of the United States arose as of the dates of the assessments and attached to all property and rights to property of Preston Leschins, including his interest in the 113 shares in the co-operative apartment known as unit 16K and 16 shares of indoor parking space located at 3777 Independence Avenue, Bronx, New York 10463, for which Preston Leschins possessed a proprietary lease (the "Property").

By this action the United States seeks to enforce and foreclose its tax liens for taxable years 1992-1995, 1997-2000, and 2002-2005, against property owned by Preston Leschins as of the dates those liens were filed including the Property. Accordingly, the United Sates seeks to reduce the aforementioned tax assessments to judgment. By this action the United States also seeks to foreclose its liens against the Property.

Defendant Leschins' Statement

There are two affirmative defenses asserted by the defendant Leschins which are to be tried. The first affirmative defense relates to the Statute of Limitations and/or laches. The second affirmative defense relates to the attempts, in the interests of good faith and compliance, by defendant Leschins to makes partial payments and/or offers in compromise in satisfaction of the amounts claimed to be due and owing in this action.

Defendant HSBC's Statement

HSBC claims a superior interest to Plaintiff as secured creditor against the subject premises sought to be foreclosed herein by Plaintiff by virtue of a perfected security interest evidenced by a Loan Security Agreement dated May 9, 1985, UCC-1 Financing Statement filed with the City Register of Bronx County, 40,000 shares of stock of 3777 Independence Corp. pledged by Preston Leschins to HSBC Mortgage Corp. as collateral security. Said priority is asserted in accordance with §9-317 of the Uniform Commercial Code.

V.  Statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

Plaintiff's Statement

The Government has not requested a jury trial in the above-referenced matter. The Government contends that defendant Leschins has waived his right to a jury trial by not serving a jury demand as required by Federal Rule of Civil Procedure 38(b). See also Wright & Miller § 2318. The Government anticipates that a trial could be completed in one day, or possibly two days if necessary.

Leschins' Statement

The case is to be tried with a jury and will require two days.

HSBC's Statement

Defendant HSBC takes no position as to this section.

VI. A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

All parties have consented to trial before a magistrate judge.

4

VII. **Any stipulations or agreed statements of fact or law that have been agreed to by all parties**

The Government and Leschins agree that the amounts of the tax in principal (excluding for purposes of this stipulation the amounts of interest and penalties) are correctly set forth in the Certificates of Assessments, Payments and Other Specified Matters that have been produced by the Government.

The Government and Leschins agree that Leschins has not paid the taxes as alleged in the Government's complaint.

The Government and HSBC have agreed that, to the extent that HSBC has a perfected security interest on the Property that was perfected on May 9, 1985, HSBC will be paid the outstanding balance of this perfected security interest from the proceeds of the sale of the Property before the Government's liens are paid.

VIII. **A list by each party as to the witnesses whose testimony is to be offered in its case in chief, including expert witnesses, if any, and a statement indicating whether such witnesses will testify in person or by deposition. No witness not listed may be called at trial on either party's case-in-chief absent good cause shown.**

Plaintiff's Witness

Revenue Officer Sylvia Irizarry
Internal Revenue Service
10 West 44th Street, New York, NY 10036

Defendant Leschins' Witness

Preston Leschins

Gary Jakalow

Defendant HSBC

Defendant HSBC does not plan to call any witnesses to testify in this case.

IX. A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

Plaintiff's Deposition Designation from Deposition of Preston Leschins:

Page 113, lines 15-20
Page 114, lines 21-23
Page 121, lines 13-17
Page 122, lines 16-25
Page 138, lines 2-5
Page 151, lines 4-8
Page 151, lines 11-25, Page 152, lines 2-7
Page 161, lines 8-25, Page 162 lines 1-8
Page 165, lines 9-18
Page 172, lines 7-13
Page 173, lines 10-25, Page 174 lines 1-4
Page 179, lines 3-15
Page 180, lines 6-21
Page 183, lines 19-25, Page 184, lines 1-4
Page 185, lines 9-12
Page 191, lines 24-25, Page 192, lines 1-4
Page 193, lines 10-14
Page 197, lines 23-25, Page 198, lines 1-6, 12-23
Page 199, lines 12-17
Page 208, lines 5-11
Page 209, lines 13-25, Page 210, lines 1-8.

X. A list by each party of exhibits to be offered in its case in chief and any objections by the adverse party. In cases likely to involve substantial numbers of deposition exhibits, the parties are encouraged to agree at the outset of discovery to assign a unique exhibit number or letter to each exhibit marked at any deposition so that exhibit designations used in deposition transcripts may be used without charge at trial. Absent such a system, plaintiff's trial exhibits shall be identified by arabic numerals and defendant's by letters. No exhibit not listed may be used at trial except for cross-examination purposes or if good cause for its exclusion for the joint pretrial order is shown. Any objection not set forth in the joint pretrial order will be considered waived absent good cause shown.

Plaintiff's Exhibits:

1. Compilation document regarding offers in compromise and tax materials produced by defendant, and information pertaining to the Property, bates labeled 1-233.

2. Compilation of additional financial records relating to attorney business account, bates labeled 2000-2406.

3. Compilation of financial documents from Valley National Bank, bates labeled USA 2407-2710.

4. Compilation exhibit of Chase Checking Account Statements (formerly plaintiff's depo Exhibit 4), with bates labels 001110-001279.

5. Certified tax transcript for the year ending December 31, 1992 (formerly plaintiff's depo exhibit 5), bates labeled USA 1-13.

6. Certified tax transcript for the year ending December 31, 1993 (formerly plaintiff's depo exhibit 6), bates labeled USA 14-21.

7. Certified tax transcript for the year ending December 31, 1994 (formerly plaintiff's depo exhibit 7), bates labeled USA 22-29.

8. Certified tax transcript for the year ending December 31, 1995 (formerly plaintiff's depo exhibit 8), bates labeled USA 30-36.

9. Certified tax transcript for the year ending December 31, 1997 (formerly plaintiff's depo exhibit 9), bates labeled USA 37-42.

10. Tax Return for 1997 (formerly plaintiff's depo exhibit 10), bates labeled 182-196.

11. Tax Return for 1998 (formerly plaintiff's depo exhibit 11), bates labeled 170-181.

12. Certified tax transcript for the year ending December 31, 1998 (formerly plaintiff's

      depo exhibit 12), bates labeled USA 43-48.

13. Tax Return for 1999 (formerly plaintiff's depo exhibit 13), bates labeled 153-169.

14. Certified tax transcript for the year ending December 31, 1999 (formerly plaintiff's depo exhibit 14), bates labeled USA 49-54.

15. Tax Return for 2000 (formerly plaintiff's depo exhibit 15), bates labeled 138-152.

16. Certified tax transcript for the year ending December 31, 2000 (formerly plaintiff's exhibit 16), bates labeled USA 55-60.

17. Tax Return for 2002 (formerly plaintiff's depo exhibit 17), bates labeled 109-122.

18. Certified tax transcript for the year ending December 31, 2002 (formerly plaintiff's exhibit 18), bates labeled USA 61-65.

19. Tax Return for 2003 (formerly plaintiff's depo exhibit 19), bates labeled 94-108.

20. Certified tax transcript for the year ending December 31, 2003 (formerly plaintiff's exhibit 20), bates labeled USA 66-70.

21. Tax Return for 2004 (formerly plaintiff's depo exhibit 21), bates labeled 79-93.

22. Certified tax transcript for the year ending December 31, 2004 (formerly plaintiff's exhibit 22), bates labeled USA 71-74.

23. Tax Return for 2005 (formerly plaintiff's depo exhibit 23), bates labeled 64-78.

24. Certified tax transcript for the year ending December 31, 2005 (formerly plaintiff's exhibit 24), bates labeled USA 75-77.

25. Notices of Federal Tax Lien that were filed in New York County.

26. Documents reflecting Leschins' ownership of the Property produced by HSBC and Leschins.

Defendant Leschins' Exhibits

Defendant Leschins intends to introduce his prior offers in compromise together with copies of cancelled checks previously provided to plaintiff representing payments to medical providers or on account of medical or psychiatric bills at the trial in the defense of this action.

Defendant HSBC's Exhibits

Defendant HSBC reserves the right to submit any loan documentation to establish its priority herein as a secured creditor including, but not limited to:

1. Loan Security Agreement between Preston Leschins and Defendant HSBC Mortgage Corporation.

2. UCC Financing Statement filed in the City Register of Bronx County.

3. Copy of Stock Certificate evidencing 40,000 shares of 3777 Independence Corp. pledged by Preston Leschins to Defendant HSBC Mortgage Corp. as collateral security.

4. Copy of Proprietary Lease by and between Preston Leschins and 3777 Independence Corp. pledged by Preston Leschins to Defendant HSBC Mortgage Corp. as collateral security.

Dated: February 22, 2008

MORRITT HOCK HAMROFF & HOROWITZ LLP

By: _____
LEE J. MENDELSON
Attorney for Defendant
Preston Leschins
Tel: 516-873-2000

MICHAEL J. GARCIA
United States Attorney

By: _____
LAWRENCE H. FOGELMAN
Assistant United States Attorney
Tel.: (212) 637-2719

STEIN & SHEIDLOWER, L.L.P.

By: _____
ROBERT C. SAMBURSKY
One Old Country Road, Suite 113
Carle Place, N.Y. 11514
Tel: 516-742-1212 x356

10

4.    Copy of Proprietary Lease by and between Preston Leschins and 3777 Independence Corp. pledged by Preston Leschins to Defendant HSBC Mortgage Corp. as collateral security.

Dated: February 22, 2008

|  |  |
|---|---|
| MORRITT HOCK HAMROFF & HOROWITZ LLP | MICHAEL J. GARCIA<br>United States Attorney |
| By: _/s/_ <br>LEE J. MENDELSON<br>Attorney for Defendant<br>Preston Leschins<br>Tel: 516-873-2000 | By: _____<br>LAWRENCE H. FOGELMAN<br>Assistant United States Attorney<br>Tel.: (212) 637-2719 |

STEIN & SHEIDLOWER, L.L.P.

By: _____
ROBERT C. SAMBURSKY
One Old Country Road, Suite 113
Carle Place, N.Y. 11514
Tel: 516-742-1212 x356